291 P.2d 886

John E. McNAUGHTON and Henrietta Mc-Naughton, his wife, Plaintiffs and Appellants,

v.

John B. EATON, an unmarried man; Myrtle Ross; James H. Fisher and Cuna Fisher, husband and wife, et al., Defendants and Respondents.

No. 8277.

Supreme Court of Utah.

Dec. 30, 1955.

1. See footnote 1 to main opinion.

Edward W. Clyde, Salt Lake City, for appellants.

Hugh W. Colton, Whitney D. Hammond, Vernal, Dean W. Sheffield, Salt Lake City, for respondents.

WADE, Justice.

This appeal involves the right of the court to limit and regulate the right to the use of water acquired by appropriation. On a previous appeal we affirmed the trial court's holding that plaintiffs, the Mc-Naughtons, who are the appellants here, have a right which is prior to the rights of any of the defendants to the use of the water of McNaughton Gulch. We reversed the holding that their right was not acquired by appropriation nor limited to a beneficial use nor subject to regulation.[1] We directed that the court correct the holding that the right was not subject to regulation but did not direct the court to make any regulations. Detailed regulations of the right to use water should be imposed with great caution for usually the parties can agree upon the necessary regulations to meet the necessities as they arise and therefore it is better to do this than for the court to impose hard and fast regulations which cannot be changed to meet emergencies.

Upon the remand the court held a further hearing and thereafter affirmed in part and reversed in part its previous decree and imposed detailed regulations of plaintiffs' right to use such water. It found, as it had previously done, that plaintiffs' right to use sufficient of the water of the gulch to satisfy their beneficial needs is prior to the rights of any of the defendants who are the other water users of the gulch water, that the flow of water in the gulch at times amounts to several cubic feet per second but is not constant and some times is negligible in amount. It held that the duty of water or the amount necessary to produce a crop is three and a half acre feet each season per acre, that plaintiffs have acquired the right to irrigate 66.03 acres or the right to use a total of 231.105 acre feet per season

---

1. See McNaughton v. Eaton, Utah, 242 P.2d 570.

and that the irrigation season covers a period of 150 days commencing April 25, and ending September 22. It divided plaintiffs' right to use this water into 15 turns per season with the right to use 15.407 acre feet each turn, ordering that the first turn each season should commence on April 25, should last 94 hours and 24 minutes with the right to use 2 cubic feet per second during that time and provided that each succeeding turn shall commence on the same hour ten days after the preceding turn commenced and that all turns shall be prior to October 5 of each year. Under these regulations if plaintiffs as required commenced their first turn on April 25, and used their full turn each ten days thereafter their fifteen turns would end and they would have used their entire 231.105 acre feet of water 94 hours and 24 minutes after the September 12 turn commenced or about 11 days prior to October 5.

By its decree the court enjoined the defendants from interfering with plaintiffs' use of the water in accordance with the decree and enjoined the plaintiffs from using any of the McNaughton Gulch water except in accordance with the decree. Thus the decree enjoins the plaintiffs from using the water except in specified amounts in specified turns and all within 150 days but allows the defendants to use the water any time or place as long as they do not interfere with plaintiffs use in accordance with the decree. The decree recognizes the right in plaintiffs to use the gulch water for incidental livestock watering purposes but makes no provision for the exercise of such right. Finally the decree requires that plaintiffs make certain changes in their diversion works.

The plaintiffs contend that the court erred in fixing a definite schedule of 94 hours and 24 minute turns and limiting the flow which they may use to 2 cubic feet per second during that turn. Because the court found that the flow of the gulch water is not constant but fluctuates from a flow of several second feet to a negligible amount, and since it requires the full turn at 2 second feet to use the 15.407 acre feet in the turn if during the whole or a part of the turn the flow is less than 2 second feet the plaintiffs will be deprived of a part of the water which the court held they had a prior right to use. The defendants answer that the court could have found from the evidence that the flow of the water in the gulch is always more than 2 cubic feet per second. There is testimony that indicates that usually the flow is in excess of 2 cubic feet per second but there is also testimony which indicates that some of the time it is much less than that. The court's finding that the flow fluctuates from several second feet to a negligible amount is supported by the evidence and appears to have been made deliberately. In view of this finding the regulation is inconsistent with the court's holding that plaintiffs' right is prior to the rights of any of the defendants and that plaintiffs are entitled to use 15.407 acre feet per turn and the court erred in making that regula-

tion. The plaintiffs have the prior right to the use of all the waters flowing down the gulch if necessary to satisfy their beneficial needs, not merely a prior right to the use of all the flow of the stream for a specified period. So the court erred in making a regulation which has the potentiality of depriving plaintiffs of a substantial portion of the amount of water which it found they were entitled to use. This regulation should be corrected by allowing the plaintiffs to use the full amount of water which they are entitled to for each turn even though it requires a longer turn or a larger flow or both in order to make up for any part of their turn which they might lose on account of the fluctuation of the flow of the stream.

The trial court limited the duty of water or the total amount of water which plaintiffs could use during a season to 3.5 acre feet per acre and the total irrigation season to 150 days, and decreed that plaintiff use this water in 15 equal turns, one every ten days and enjoined plaintiffs from using any such water except in accordance with that decree. Plaintiffs contend that such injunction and regulations will work great hardship on them and will not allow them to mature crops. After a careful consideration of the evidence we believe that the court was right in holding that ordinarily 3.5 acre feet for each acre per season is sufficient to mature the crops grown on this property and that 150 days is sufficient time for the ordinary irrigation season and that it is properly placed between April 25, and September the 22nd with fifteen equal turns

per season during that time and the decree to that extent is approved.

However, the court went beyond what was reasonable or necessary and contrary to the positive and undisputed evidence in enjoining plaintiffs from using any of the gulch water during the time before April 25, and after September 22, or October 5. There is positive and undisputed evidence that sometimes there is a dry early spring when some crops require irrigation before April 25. This is especially true of lawns, alfalfa, and pasture land and sometimes grain, corn and other spring seeded crops may also require early irrigation to cause the seed to sprout. The testimony also shows that in the fall when there is a dry spell it is good practice to occasionally irrigate the crops so as to have the ground saturated before the winter freeze to insure moisture in the ground for the next year's crop. The decree made no exceptions for such eventualities nor for stockwatering purposes but enjoined the plaintiffs from using any water from the gulch from October 5 to April 25, and this is true even though during the irrigation season plaintiffs failed to use all of their turns and had not used the full 3.5 acre feet which was awarded to them. In doing this the court erred.

There is absolutely no showing of any necessity for such an injunction or regulation in the use of this water. It is true that defendants claim in their arguments that they have some rights, referring to a decree in a case where plaintiffs were not parties,

but they do not specify the amount of water they claim the right to use and they make no showing that even during the regular irrigation season plaintiffs' use of the water has interfered with them receiving sufficient water to satisfy their beneficial needs. They make no claim that they have any storage rights in these waters or that there are any storage facilities on the system, or that they have rights to use it before or after the time when plaintiffs can beneficially use the water. The only evidence that plaintiffs use of these waters in any way interferes with any rights of the defendants is that a lawsuit has developed between them and the general knowledge that during the hot dry summer months when all the land needs water to grow crops there is usually a scarcity of water for that purpose. There is not a word of evidence in this case which tends to indicate that plaintiffs by using this water to satisfy their previously pointed out beneficial need for use before April 25 and after October 5, a time when there is usually plenty of water for everyone, will in any way interfere with the rights of any one. Under such a showing it was error for the court to attempt any regulation of the use of the water during such period or to enjoin plaintiffs from using the water during that time.

If there is any showing that any defendant has a right to use this water during such period the plaintiffs have a prior right to such defendant. The evidence clearly shows that some of such waters can be put to a beneficial use under certain conditions during that period. There is no showing that there is apt to be a scarcity of water at the times when plaintiffs can make a beneficial use of a part of such water during such period. Nor is there a showing that such use is contrary to the use plaintiffs have made of the water in acquiring their right by appropriation, on the contrary the evidence shows that they have in the past always used whatever water they desired for their needs regardless of the time of year.

The use of some water during such period does not necessarily require that plaintiffs use more than 3.5 acre feet for each acre per season, for during most seasons there are times when the ground is so saturated with water from rains that there is no necessity for the use of the full turn. This is especially true during the spring runoff prior to the first of June and after many crops are matured during the month of September. But even if such use does require that plaintiffs use more than the specified 3.5 acre feet per season per acre still plaintiffs use during such time sufficient to satisfy their beneficial needs should not be curtailed.

The case is remanded with directions that the decree be modified so as to allow plaintiffs to use all of their allotted 15.407 acre feet per turn, and to remove all restrictions on plaintiffs use of the water after September 22 and before April 25, of the next year except the general restriction that they shall not use more than is reasonably required for their beneficial needs.

228

There are other points raised which we do not discuss because we think these corrections will meet the requirements of the law and do substantial justice between the parties.

Plaintiffs are awarded their costs on this appeal.

McDONOUGH, C. J., and CROCKETT, and WORTHEN, JJ., concur.

HENRIOD, J., not participating.